IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| DEXTER SHOE COMPANY and<br>COLUMBIA INSURANCE CO.<br>Plaintiffs<br><br>v.<br><br>ABS INTERNATIONAL CORPORATION<br>DYNO-THANE, LLC and<br>BOWLMASTER BOWLING SUPPLIES, INC.<br><br>Defendants | Civil Action No.<br>302CV2115 (MRK) |

**STIPULATED MOTION FOR ENTRY OF PROPOSED CONSENT JUDGMENT**

The Plaintiffs on behalf of all parties file this Stipulated Motion for Entry of Proposed Consent Judgment in light of the settlement reached by the parties to this civil action. The parties' settlement included an agreement by the parties to file the attached proposed Consent Judgment which will resolve the case and dismiss it with prejudice. The parties have met, agreed and stipulated to the filing of this motion. Accordingly, the parties respectfully request the Court enter the attached proposed Consent Judgment.

Respectfully submitted,

12/10/03
Date

By: _____
Gene S. Winter, Esq. (ct05137)
Richard J. Basile, Esq. (ct20491)
David Chen, Esq., (ct21783)
St. Onge Steward Johnston & Reens LLC
986 Bedford Street
Stamford, Connecticut 06905-5619
(203) 324-6155

ATTORNEYS FOR DEXTER AND
COLUMBIA

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing STIPULATED MOTION FOR ENTRY OF PROPOSED CONSENT JUDGMENT is being served this 11th day of December 2003 via first class mail, postage prepaid to:

Thomas B. Kenworthy
Morgan, Lewis & Bockius, LLP
1701 Market Street
Philadelphia, PA  19103
(215) 963-5001

Daniel S. Carlineo
Morgan, Lewis & Bockius, LLP
1111 Pennsylvania Avenue, N.W.
Washington, DC  20004
(202) 739-3001

Thomas J. Murphy
Cowdery, Ecker & Murphy, LLC
750 Main Street
Hartford, CT  06103-2703
(860) 249-0012

_12/11/03_  _Carrie Ann Cygnadlio_ (signature)
Date

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

DEXTER SHOE COMPANY and )
COLUMBIA INSURANCE CO. ) Civil Action No.
Plaintiffs ) 302CV2115 (MRK)
)
v. )
)
ABS INTERNATIONAL CORPORATION )
DYNO-THANE, LLC and )
BOWLMASTER BOWLING SUPPLIES, INC. )
)
Defendants )
)

## CONSENT JUDGMENT

WHEREAS, Dexter Shoe Company ("Dexter") filed this action before this Court on December 2, 2002, alleging ABS International Corporation ("ABS"), Dyno-Thane, LLC ("Dyno-Thane"), and Bowlmaster Bowling Supplies, Inc. ("Bowlmaster"), (collectively "ADTB"), have in the past, and continue to infringe one or more claims of U.S. Patent No. 5,542,198 ("'198 Patent") in the United States, in this Judicial District and elsewhere, by making, using, selling, offering to sell, and/or importing shoes embodying the invention claimed in the '198 Patent and/or by contributing to such activities and/or inducing others to make, use, sell, and/or offer to sell shoes embodying the invention claimed in the '198 Patent.

WHEREAS, ABS filed a Declaratory Judgment Action in the U.S. District Court for the Southern District of Florida, Civil Action No. 02-CV-23621-Highsmith/Turnoff on

December 23, 2002, alleging that the '198 Patent is invalid, unenforceable, and/or not infringed, that Dexter tortiously interfered with business relationships among ABS and ABS' customers and distributors, and that Dexter caused ABS to suffer injury to its business and that Dexter violated Florida's Deceptive and Unfair Trade Practices Act.

WHEREAS, ABS filed a second lawsuit in the Southern District of Florida, Civil Action No. 03-CV-20430-Martinez/Dube, against Dexter on February 26, 2003, alleging violations of the federal trademark and unfair competition laws relating to U.S. Trademark Registration Nos. 2,230,762 and 2,228,744, and under the trademark, anti-dilution, and deceptive trade practice laws of the State of Florida (hereinafter, all of the above trademark rights are referred to as the "ABS Marks" or "PRO-AM Marks") for bowling shoes sold by Dexter with the "ProAm" mark.

WHEREAS, all parties stipulate to the joinder of Columbia Insurance Company ("Columbia") as a Co-Plaintiff to this action before this Court .

WHEREAS, Columbia, Dexter, and ADTB wish to amicably resolve all three lawsuits and executed a settlement agreement reflecting said resolutions ("Settlement Agreement"), and all Parties consent to this Consent Judgment without any party admitting liability.

WHEREAS, the Settlement Agreement provides that this Consent Judgment be filed with this Court upon execution of the Settlement Agreement and the Settlement Agreement has in fact been executed.

WHEREAS, Columbia purports that it is the owner of the entire right, title, and interest in and to the '198 Patent, entitled "Bowling Shoe Construction with Removable Slide Pad and Heel," which was duly and legally issued by the U.S. Patent and

2

Trademark Office on August 6, 1996 in the name of the inventor, Leo H. Famolare, and assigned to assignee Columbia.

WHEREAS, Dexter purports that it is a licensee of the '198 Patent with the right to make, use and sell products embodying the '198 patent and the right to sue and collect damages for infringement of the '198 patent.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1.   Columbia is joined as a party to this action and this Court has personal jurisdiction over Columbia, Dexter, Dyno-Thane and Bowlmaster and over the subject matter in issue.

2.   ADTB (including any related companies under common control and ownership, and all affiliates, subsidiaries, agents, officers, directors, shareholders, predecessors, successors, employees, servants, assigns, licensees, attorneys, and those persons in active concert or participation with it) shall not make, use, sell, offer for sale, import, and/or distribute in the United States the following shoes:  ES-3600 [aka Pro-AM S- 3600], S-2600 [aka ES-3000], S-900 [aka ES-900], S-1950 [aka ES-2500], S-1550 [aka ES-2000], S-3000 Pro [aka ES-3700], S-990 [aka ES-990], or any shoe embodying the invention claimed in the '198 Patent.

3.   The preceding section does not apply to the following shoes:  Tour Ultra Series S-3001, 3002, 3003 [aka US-3700], Tour Deluxe S-2600 [aka US 3000], Sport Ultra S-1551 [aka US-1550], Pro S-1951 [aka US-1950], Sport Deluxe S-900 Series [aka S-900, S-901], US-3600.

4.  ADTB shall only be permitted to advertise or promote shoes subject to the order in paragraph 2 in the United States on its web page, in catalogs, or at trade shows, provided such shoes are clearly designated as "NOT AVAILABLE FOR SALE OR USE IN THE UNITED STATES" in a commercially reasonable manner (e.g., the lettering being equal to the average letter size of all other printing on the page with the exception of oversized catch phrases, titles, etc.) or as shown in Exhibit 1 and are being advertised or promoted with other shoes not identified in Paragraph 2. ADTB shall under no circumstances request, propose, negotiate, take, receive, or accept orders in the U.S. for shoes subject to Paragraph 2 of the Agreement, regardless of where the shoes are to be shipped. Notwithstanding, ADTB shall not import any shoes subject to the agreement in paragraph 2 into the United States for any reason.

5.  After three years from the effective date of this Judgment, any of the parties may request the Court to modify this Judgment with respect to Paragraph 4 based on any change or clarification of the law based on rulings by the Federal Circuit related to sales or offers for sales under 35 U.S.C § 271.

6.  Dexter (including any related companies under common control and ownership, and all affiliates, subsidiaries, agents, officers, directors, shareholders, predecessors, successors, employees, servants, assigns, licensees, attorneys, and those persons in active concert or participation with it) shall phase out any and all use of the PRO-AM Marks (including, without limitation, its use the "ProAm" mark or the term "ProAm") in connection with bowling shoes by December 31, 2003, and will concurrently remove the PRO-AM Mark (including, without limitation, the "ProAm" mark or term "ProAm") from all product, packaging, marketing, and advertising materials and all

4

instances where the PRO-AM Mark appears in connection with bowling shoes or other consumer-related bowling products.

7.  Dexter (including any related companies under common control and ownership, and all affiliates, subsidiaries, agents, officers, directors, shareholders, predecessors, successors, employees, servants, assigns, licensees, attorneys, and those persons in active concert or participation with it) shall, starting on December 31, 2003, not use the PRO-AM Marks or any similar variation thereof as a trademark in connection with any bowling shoe in the United States but maintains the right to refer to the phrase Pro-Am in a descriptive nature, especially when sponsoring Pro-Am tournaments provided by third parties.

8.  With respect to the shoes identified in Paragraph 1 and any other shoes with "merely colorable" differences to such shoes or any equivalents to such shoes, ADTB shall not contest the validity or enforceability of the '198 Patent and will not attempt to invalidate the '198 Patent.

9.  Columbia and Dexter shall not contest the validity or enforceability of the ABS Marks and PRO-AM Registrations and shall not oppose any trademark applications filed by ABS for the ABS Marks nor attempt to cancel the trademark Registrations defined above.

10.  ADTB agrees to deliver up to Dexter all ABS shoes subject to the agreement in paragraph 2 that are still in ADTB's possession in the United States for destruction within thirty days after issuance of this judgment.

11.  Upon an alleged violation of this Consent Judgment or the Settlement Agreement by any party ("Non-complying Party"), the other party shall provide the Non-

complying Party with 30 days Notice to Cure.  If the alleged violation is not cured within 30 days, the other party may make application to the Court to determine if there has been a violation.  The Court shall determine the appropriate remedy.

12.    This case is dismissed with prejudice.  This Court retains jurisdiction over the Parties to enforce this Consent Judgment.  Specifically, ADTB shall not contest personal jurisdiction or subject matter jurisdiction with respect to any such enforcement.

By: /s/ *signature*
Gene S. Winter, Esq. (ct05137)
Richard J. Basile, Esq. (ct20491)
David Chen, Esq., (ct21783)
St. Onge Steward Johnston & Reens LLC
986 Bedford Street
Stamford, Connecticut 06905-5619
(203) 324-6155

By: /s/ Daniel Carlineo
Thomas J. Murphy (ct07959)
Cowdery, Ecker & Murphy, L.L.C.
750 Main Street
Hartford, CT 06103-2703
(860) 278-5555

Thomas B. Kenworthy (ct24413)
Morgan, Lewis & Bockius, L.L.P.
1701 Market Street
Philadelphia, PA  19103
(215) 963-5000

Daniel S. Carlineo (ct24414)
Morgan, Lewis & Bockius, L.L.P.
1111 Pennsylvania Avenue, N.W.
Washington, D.C.  20004
(202) 739-3000

ATTORNEYS FOR DEXTER AND COLUMBIA

ATTORNEYS FOR ADTB

SO ORDERED:

Dated:  December ____, 2003    _____
Hon. Mark Kravitz U.S.D.J.

6

Exhibit 1
Case 3:02-cv-02115-MRK     Document 35     Filed 12/12/2003     Page 9 of 10





* E.S. models are not available for sale, use or import to the United States.